# United States Bankruptcy Court
## District of Massachusetts

| | |
|---|---|
| In re: )<br>    ELIAS A. ATAMIAN, )<br>)<br>                  DEBTOR. )<br>_____) | Chapter 13<br>Case No. 04-46088-JBR |

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 139]**

This matter having come before the Court on Creditor, D. J. Quirk, Inc.'s Motion to Reconsider June 15, 2006 Order Pursuant to Fed. R. Bankr. P. 9023 [#139] (the "Motion"), after due consideration of the Motion, the accompanying Memorandum of Law and its attachments, and all other relevant pleadings, the Court hereby makes the following findings of fact and conclusions of law:

    1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023, which the Movant has designated as the basis for the Motion, or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

      2. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. The Motion merely reiterates what the Movant unsuccessfully argued at the previous hearing; the attachments to the Memorandum of Law include much of the documents previously supplied to the Court.

      For the foregoing reasons, the Motion is hereby DENIED.

Dated: July 5, 2006

*Joel B. Rosenthal*  
07/05/2006

Joel B. Rosenthal  
United States Bankruptcy Judge.